U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LILLIAN OFTEDAHL, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>W6LS, INC., doing business as WithU and WithU Loans; SCRATCH FINANCIAL, INC., and DOES 1-20,<br><br>Defendant. | No. 3:26−cv−05112−TMC<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY DEMAND |

## I. INTRODUCTION

Plaintiff Lillian Oftedahl brings this action, individually and on behalf of all others similarly situated, against Defendants for transacting in usurious contracts with interest rates exceeding *five-hundred percent* per annum throughout Washington.

Defendant W6LS, Inc. does business in Washington and throughout the United States as WithU and WithU Loans. W6LS, Inc. (WithU), along with support and facilitation from Defendant Scratch Financial, INC. (Scratchpay), solicits financially vulnerable Washingtonians to enter into loans whose interest rates reach 567.88%. WithU claims to be an arm of the Otoe-Missouria Tribe of Indians, a federally-recognized tribe, for the purpose of evading state usury laws and regulations, obtaining broad waivers of rights, and imposing unconscionable dispute



**BRESKIN JOHNSON TRIAL LAWYERS, PLLC**
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

resolution processes on consumers. WithU cannot enforce its agreements against Washington consumers, however, because they are illegal and violate long-standing public policy prohibiting usurious loans.

The Washington Department of Financial Institutions has issued several warnings about WithU's predatory practices and violations of Washington laws. WithU has ignored these warnings and continues to transact in usurious products in violation of state and federal law, causing injury and damages throughout Washington. Plaintiff Ian Oftedahl is one recent victim. He brings this lawsuit on behalf of himself and a class of similarly situated Washington consumers seeking damages and declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 18 U.S.C. §1964, the Racketeer Influenced and Corrupt Organizations Act (RICO), 28 U.S.C. §2201, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. The Court may also have jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Plaintiff has suffered injuries and damages as a result of Defendants' acts in this district, many of the acts and transactions giving rise to this action occurred in this District, Defendants conduct substantial business in this district, Defendants have intentionally availed themselves of the laws and markets of this district, and Defendants are subject to personal jurisdiction in this district.

## III. PARTIES

3. Plaintiff Lilian (Ian) Oftedahl is a resident of Clark County, Washington.

4. Defendant W6LS, Inc. does business as WithU and WithU Loans (WithU) throughout Washington and claims to be a corporation that is owned by and organized under the laws of the Otoe Missouria Tribe of Indians (Tribe), a federally-recognized Indian Tribe in Oklahoma.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

5. WithU uses the address of 10600 S. Pennsylvania Ave., Suite 16 #828, Oklahoma City, OK 73170-4257.

6. On information and belief, the address is a rented mailbox in a UPS store and WithU's principal place of business is in Mission, Kansas.

7. Defendant Scratch Financial, Inc. (Scratchpay) is a foreign corporation that does business throughout Washington as Scratch, Scratchpay, and Scratch Pay that maintains a principal place of business in Pasadena, California.

8. Scratchpay uses the address of 225 S. Lake Ave., #250, Pasadena, CA 91101.

9. Defendant Does 1-20 are other persons and/or entities working for, or involved in the making of short-term, high interest loans in partnership with, Defendant WithU. On information and belief, they help fund the loans by providing capital, request consumer credit reports on potential borrowers, market the loans, brokering and/or providing banking services, such as ACH/debit payment processing and servicing the loans, service the loans, and undertake collection action on the loans.

## IV. FACTUAL ALLEGATIONS

10. Lillian (Ian) Oftedahl lives in Vancouver, Washington.

11. Ian has a pet cat named Charlie that became sick.

12. On March 7, 2025, Charlie required emergency services from a veterinarian.

13. A veterinarian diagnosed Charlie with lymphoma and recommended treatment estimated to cost approximately $1,000.

14. Grieving about the condition of his cat, Ian realized that he could not afford the cost of the emergency services Charlie required.

15. Ian was advised to consider Scratchpay as a potential payment solution.

16. While sitting at the veterinarian, Ian pulled the Scratchpay website up on his phone and entered a loan range between $500 and $1,000 for the amount needed to cover care for Charlie.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

17. Scratchpay uses the URL www.scratchpay.com.

18. Scratchpay's website contains a series of deceptive and misleading statements, including statements regarding loan products that are "affordable" with annual percentage rates (APR) between 0% and 36%.

19. Ian was then prompted to input personal and contact information on the Scratchpay website and did so.

20. Scratchpay routed Ian to WithU's website and prompted him to input personal and contact information on the WithU website and did so.

21. On information and belief, Scratchpay generates leads and borrowers for WithU.

22. Scratchpay did not disclose, or even reference, any relationship with WithU.

23. Ian was required to include bank account information and the routing number on the WithU website and did so.

24. Ian was also required to include employment information on the WithU website, including the dates he was paid.

25. Ian entered his employment information on the WithU website, including the dates he received direct deposits into his bank account, the 10th and 25th of each month.

26. The following day, on March 8, Ian received information from WithU that included a copy of loan agreement (the Agreement) on loan number 1977482 (the Loan) and a "Recurring Payment Authorization Agreement" (or "EFT Authorization").

27. The Agreement and EFT Authorization were written on standard forms used by WithU on a regular basis.

28. The Agreement stated that $1,100 would be credited to Ian for a total cost of $6,283.56.

29. The Agreement included a requirement that Ian pay interest on the amount credited.

30. The interest rate Ian was required to pay on the loan was 567.88%.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

31. Interest at an annual percentage rate of 567.88% is unfair and unconscionable.

32. The Agreement required Ian to pay the loan off within 12 months by making 24 bi-monthly payments of approximately $261.88 each to WithU.

33. The Agreement contemplated 24 payments of approximately $261.88 to total $6,283.56.

34. The Agreement purports to require a complete waiver of state rights and substantive law.

35. The EFT Authorization required WithU to initiate recurring electronic transfers from Ian's bank account or debit card on the terms and schedule set forth in the Agreement.

36. On or about March 10, 2025, WithU transferred $1,100 to Ian.

37. The loan from WithU to Ian was for personal, family, or household purposes and not for business purposes.

38. Ian used the funds from WithU to pay for the costs of caring for his cat, Charlie.

39. WithU is not licensed by the State of Washington to conduct business activities in Washington.

40. WithU has never been licensed by the State of Washington to conduct business activities in Washington.

41. Funds from WithU were transferred electronically into a bank account Ian maintained with USAA.

42. WithU required installment payments to be made to WithU by ACH debit from Ian's USAA bank account.

43. Ian made principal and interest payments on the loan as the terms required.

44. Ian's payments were made automatically by WithU, under the EFT Authorization, that permitted WithU to withdraw funds from Ian's account on the 10th and 25th of each month, in accordance with dates Ian received his paycheck.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

45. Ian estimates paying WithU more than $1,500 over the course of numerous payments.

46. Ian made payments on the loan for as long as he could, until it was unaffordable to continue doing so.

47. One of the automatic payments withdrawn by WithU from Ian's bank account overdrafted the account.

48. After Ian's account was overdrafted, he realized he could no longer afford the loan.

49. Ian told USAA about the predatory terms of the loan and requested that his bank, USAA, stop payments to WithU and USAA did so.

50. Ian has never visited Oklahoma or Kansas or any of the physical premises of Defendants relating to the Loan.

51. On information and belief, Defendants knew that Washington, like other states, have interest rate limitations and other laws, regulations, and rules that apply to entities involved in lending to Washington residents.

52. On May 23, 2022, the Washington Department of Financial Institutions issued alert number CA055378_5/31/22(5/23) identifying W6LS Inc. d/b/a WithU Loans as entities operating "as unlicensed Tribal lenders" claiming to be "wholly owned by the Otoe-Missouria Tribe of Indians" and stated that loans made by unlicensed persons and entities like W6LS were in violation of Washington's Consumer Loan Act. *See* **Exhibit A**.

53. On January 14, 2026, DFI issued another alert, CA060854_1.14.26, identifying W6LS Inc. d/b/a WithU Loans as an online lender that is operating in Washington without a license and without registering with the Department of Licensing, Department of Revenue, or Secretary of State. *See* **Exhibit B**.

54. On information and belief, Defendants received communications from the Department of Financial Institutions relating to these alerts and indicating that WithU's lending



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

practices in Washington are illegal.

55. Defendants ignored these alerts, ignored Washington's rate limitations and other laws, regulations, and rules that apply to lending practices to Washington residents, and has continued to advance, offer, and commit to loans to Washington consumers.

56. The Agreement contains an arbitration clause that is not valid because Plaintiff never assented to arbitration and even if Plaintiff assented, the arbitration clause is unenforceable because it is procedurally and substantively unconscionable, and otherwise void as a matter of law.

57. The arbitration clause purports to require Washington consumers to prospectively waive state and federal substantive rights in violation of the prospective waiver doctrine.

58. To the extent the Agreement contains a delegation clause delegating any issue of arbitrability to an arbitrator, the delegation clause is not valid because Plaintiff never assented to the delegation clause and even if Plaintiff assented, the delegation clause is unenforceable for many of the same reasons the arbitration clause is procedurally and substantively unconscionable, and otherwise void as a matter of law.

59. In an attempt to evade prosecution under usury and consumer lending laws of states like Washington, online lenders frequently create an elaborate network claiming otherwise illegal business are entitled to sovereign immunity of Native American tribes.

60. However, an entity must function as a legitimate "arm of the tribe" in order to fall under the tribe's sovereign immunity. *White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014).

61. Whether a particular entity is entitled to sovereign immunity depends on various factors, including the entity's method of creation, purpose, structure, ownership and management, including control the tribe has over the entity, the tribe's intent with respect to the



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

sharing of its sovereign immunity, and the financial relationship between the tribe and the entity. *White*, 765 F.3d at 1025.

62. Tribal "lenders" often do not survive scrutiny when examined closely since most business functions occur off tribal land, are conducted by non-tribal members, and overwhelmingly benefit non-tribal members so that tribal involvement is minimal or nil.

63. Where non-tribal individuals and entities control and manage substantive lending functions, providing lending capital necessary to support the operations, and bear economic risk, they are not "operated" by Native American tribes and not entitled to sovereign immunity.

64. Moreover, even if sovereign immunity is legitimately invoked, the doctrine does not convert an illegal loan into a legal one. *See U.S. v. Neff*, 787 F.App'x 81 (3rd 2019) (ruling that sovereign immunity does not transform illegal loans into legal ones and upholding criminal conviction in payday lending rent-a-tribe scheme).

65. Attempting to circumvent state interest rate caps and other predatory lending laws behind tribal sovereign immunity may constitute criminal conduct. *U.S. v. Tucker, et al*, No. 1:16-cr-00091-PKC (S.D.N.Y.). The defendants in *Tucker* were convicted of crimes and their conviction was affirmed in *U.S. v. Grote*, 961 F.3d 105 (2nd Cir. 2020).

66. On information and belief, many if not all of the employees of WithU are not connected to the Tribe and do not live on the Tribe's reservation.

67. On information and belief, WithU's business operations are rarely if ever conducted on the Tribe's reservation.

68. On information and belief, WithU's essential business operations are performed in other locations outside of the Tribe's reservation.

69. On information and belief, WithU's off-reservation business activities are conducted by and for the benefit of non-tribal members and investors.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

70. On information and belief, the Tribe receives only a small percentage of revenues and the overwhelming majority of revenues benefit non-tribal persons and entities.

71. On information and belief, WithU agreements and processes were designed, written by, approved by, and created for the benefit of non-tribal beneficiaries.

72. On information and belief, the Tribe has no significant assets to leverage as collateral for the millions of dollars in lines of credit required to fund payday lending enterprises that can lend more than $100 million per year.

73. On information and belief, the Tribe is required to hire only investor-approved managers, underwriters, marketers, vendors, and other service providers.

74. On information and belief, the Tribe is required to waive sovereign immunity with respect to the non-tribal investors.

75. On information and belief, the Tribe exerts no substantive control over the lending business and how it operates.

76. The Tribe has engaged in other 'rent-a-tribe' schemes with other non-tribal investors previously.

77. In 2021, a federal court approved an $86 million dollar settlement in *Solomon v. American Web Loan*, No. 4:17-cv-145 (E.D. Va.), a case where the Tribe was alleged to have engaged in an illegal lending scheme that featured products with triple-digit interest rates. *See Solomon v. American Web Loan*, 375 F.Supp.3d 638 (E.D. Va. 2019).

78. On information and belief, WithU began operations at issue in this matter after the court in *Solomon* finally approved the settlement.

79. WithU has attempted to and continues to attempt to enforce and collect payments from Plaintiff pursuant to the Agreement.

80. WithU has attempted to and continues to attempt to enforce and collect payments from consumers throughout Washington pursuant to contracts that are substantively similar to the same as the Agreement with Plaintiff.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

## V. CLASS ACTION ALLEGATIONS

81. Plaintiff brings this action on his own behalf and as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of the following class:

> Parent Class: All Washington consumers who entered into an agreement with W6LS, Inc. with an interest rate that exceeded 12 percent per annum and made payments on the loan between February 3, 2022, and the present date.
>
> Usury Sub Class: All persons in the Parent Class whose final payment was due under the agreement after the date occurring six months prior to the day this case was filed or who paid all principal due on the loan after the date occurring six months prior to the day this case was filed and prior to the date the last payment was due.

82. The proposed class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Defendants, upon information and belief, there are many consumers that have been targeted and solicited for consumer loans with usurious and unconscionable interest rates.

83. There are questions of law and fact common to the proposed class.

84. The principal question as to the class is whether Defendants may enter into loans with Plaintiff and members of the proposed class at usurious and unconscionable interest rates up to and exceeding 567.88%.

85. Another common question is whether the agreements entered into between Defendants and Plaintiff and members of the proposed class are void and unenforceable under Washington's usury laws and as a matter of public policy.

86. Another common issue is whether Defendants used an unfair and deceptive scheme to lure and mislead Plaintiff and members of the proposed class and deceive the courts and regulators as to who the true lender of WithU's loans really is.

87. Additional common questions include whether Defendants constitute an enterprise under RICO, whether Defendants participated in an enterprise under RICO, whether



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

the loans violated Washington laws because their interest rates are usurious and unconscionable, and determining the proper recovery for Plaintiff and the proposed class.

88. Other common questions include whether Plaintiff and members of the proposed class conferred a benefit on Defendants, whether Defendants knew or should have known of the benefit, whether it would be unjust and inequitable to allow Defendants to retain the benefit because the loans were usurious and unconscionable, and determining the property recovery for Plaintiff and the members of the proposed class.

89. Other common questions include whether a substantial controversy exists between members of the proposed class and Defendants over whether Defendants can enter into, enforce, and collect on usurious agreements, whether their legal interests are adverse, and whether the controversy is of a sufficient immediacy and reality to warrant declaratory and injunctive relief.

90. Plaintiff's claims are typical of the claims of the proposed class, as they all arise from the same operative facts and are based on the same legal theories.

91. Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might conflict with the interests of the proposed class.

92. This action may be certified under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the proposed class, thereby making final injunctive relief appropriate with respect to the class as a whole. Plaintiff's claim for monetary relief is incidental to the injunctive relief that he seeks. The damages flow directly from liability to the class as a whole on the claims forming the basis of the injunctive relief. Moreover, computing the monetary relief is simple and relies entirely on objective facts, without the need for subjective assessments of each class member's circumstances. There is no threat of a due process violation because all damages can be objectively determined. Plaintiff's



**BRESKIN JOHNSON TRIAL LAWYERS, PLLC**
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

request for injunctive relief is more than a basis for monetary relief. The relatively modest monetary relief sought by Plaintiff does not dominate his claim for injunctive relief.

93. In the alternative, or in addition to certifying under Fed. R. Civ. P. 23(b)(2), this action may be certified as a Fed. R. Civ. P. 23(b)(3) class action. Certification under Fed. R. Civ. P. 23(b)(3) is warranted because questions of law or fact common to the class predominate over any questions affecting only individual members.

94. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy in that:

a. Members of the proposed damages class do not have an overriding interest in individually controlling the prosecution of separate actions;

b. No other litigation concerning this controversy has been commenced by or against members of the damages class;

c. Concentration of litigation is desirable so that all claims can be resolved in one forum; and

d. Management of this case as a damages class action will present significantly fewer difficulties than would be presented in many individual claims challenging Defendants' unfair and unconscionable practices relating to the usurious interest rates on their loans.

## VI. CLAIMS FOR RELIEF

### COUNT I: WITHU VIOLATED THE CONSUMER PROTECTION ACT

95. Plaintiff re-alleges each and every allegation as set forth above.

96. The Consumer Protection Act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. RCW 19.86.020.

97. WithU has a pattern or practice of transacting usurious contracts by soliciting Washington consumers to apply for loans in excess of twelve percent per annum, brokering the



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

contracts, supporting and facilitating consumers entering into usurious contracts, funding usurious contracts, and servicing and collecting on usurious contracts.

98. WithU's practices constitute non per se unfair or deceptive practices occurring in trade or commerce in violation of the CPA.

99. WithU's practices also constitute per se unfair or deceptive practices occurring in trade or commerce in violation of the CPA.

100. Under RCW 19.52.020, rates of interest cannot exceed the higher of either a) twelve percent per annum or b) four percentage points above the equivalent coupon issue yield of the average bill rate for twenty-six week treasury bills.

101. Under RCW 19.52.030, contracts shall be usurious if they contain an interest rate that is greater than the rate permitted under RCW 19.52.020.

102. Entering into or transacting a "usurious contract" is an unfair act or practice in the conduct of commerce for the purposes of application of the Consumer Protection Act. RCW 19.52.036.

103. At all pertinent times preceding the filing of this complaint, the coupon issue yield of the average bill rate for twenty-six week treasury bills plus four percentage points was lower than twelve percent per annum.

104. WithU's practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

105. WithU's practices create an unfair marketplace and give it an unfair advantage in violation of the CPA.

106. As a direct and proximate cause of WithU's practices, Plaintiff and members of the proposed class he seeks to represent suffered injury and damages in an amount to be proven at the time of trial.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

**COUNT II: WITHU VIOLATED THE CONSUMER LOAN ACT**

107. Plaintiff re-alleges each and every allegation as set forth above.

108. The Consumer Loan Act requires persons possess license from the state of Washington to advance, offer to advance, or make a commitment to advance funds to Washington consumers for a loan. RCW 31.04.035.

109. WithU does not possess a license from the state of Washington to advance, offer to advance, or make a commitment to advance funds to Washington consumers for a loan.

110. Under RCW 31.04.035, loans that are advanced, offered, or committed to Washington consumers by any person that is unlicensed by the state of Washington are "null, void, uncollectible, and unenforceable."

111. The Agreement Plaintiff and members of the proposed class entered into is null, void, uncollectible, and unenforceable under the CLA.

112. The CLA also prohibits other acts in the process of making loans to Washington consumers, including, inter alia, directly or indirectly employing any scheme, device or artifice to defraud or mislead any borrower, directly or indirectly engaging in any unfair or deceptive practice, obtaining a release of future damages for usury or other damages or penalties provided by law, or a waiver of any provision under the CLA, and engage in any device, subterfuge, or pretense to evade the CLA. See RCW 31.04.027(1)(a)-(o).

113. Plaintiff can enforce the CLA through the CPA. Defendants' violations of the CLA establish the first three elements of Plaintiffs CPA claim. RCW 31.04.208. As a direct and proximate cause of WithU's practices, Plaintiff and members of the proposed class he seeks to represent suffered injury and damages in an amount to be proven at the time of trial.

**COUNT III: SCRATCHPAY VIOLATED THE CONSUMER PROTECTION ACT**

114. Plaintiff re-alleges each and every allegation as set forth above.

115. The Consumer Protection Act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. RCW 19.86.020.



**BRESKIN JOHNSON TRIAL LAWYERS, PLLC**
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

116. Scratchpay has a pattern or practice of supporting and facilitating usurious contracts by connecting Washington consumers to lenders that offer loans to Washington consumers in excess of twelve percent per annum.

117. Scratchpay's practices constitute non per se unfair or deceptive practices occurring in trade or commerce in violation of the CPA.

118. Scratchpay's practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

119. Scratchpay's practices create an unfair marketplace and give it an unfair advantage in violation of the CPA.

120. As a direct and proximate cause of Scratchpay's practices, Plaintiff and members of the proposed class he seeks to represent suffered injury and damages in an amount to be proven at the time of trial.

**COUNT IV: WITHU VIOLATED USURY LAWS**

121. Plaintiff re-alleges each and every allegation as set forth above.

122. Under RCW 19.52.020, rates of interest cannot exceed the higher of either 12 percent per annum or four percentage points about the equivalent coupon yield of the average bill rate for 26 week treasury bills.

123. Under RCW 19.52.030 contracts shall be usurious if they contain an interest rate that is greater than the rate permitted under RCW 19.52.020.

124. In the four years preceding the filing of this complaint, the coupon issue yield of the average bill rate for 26 week treasury bills plus four percentage points was lower than 12 percent per annum.

125. Defendants have a practice or pattern of transacting usurious contracts by soliciting Washington consumers to apply for loans in excess of 12 percent per annum, brokering the contracts and supporting and facilitating consumers entering into usurious contracts.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

126. Because the contracts are usurious, WithU shall only be entitled to the principal, less the amount of interest accruing thereon at the rate contracted for; and if interest shall have been paid, the creditor shall only be entitled to the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount the debtor has paid under the contract exceeds the amount to which the creditor is entitled. RCW 19.52.030.

127. A claim seeking to enforce RCW 19.52.030 must be brought within the earlier of the date that the last payment on the loan is due or the date the principal is fully paid.

128. Under the terms of the usurious contract, payments were applied first to current interest, then to accrued but unpaid interest, then to principal. The last payment was due on March 10, 2026.

129. Plaintiff's usury claim is brought within the statute of limitations provided under RCW 19.52.032.

130. As a direct and proximate cause of Defendants' practices, Plaintiff and members of the proposed class he seeks to represent suffered injury and damages in an amount to be proven at the time of trial.

**COUNT V: DEFENDANTS ENTERED INTO A CIVIL CONSPIRACY**

131. Plaintiff re-alleges each and every allegation as set forth above.

132. A civil conspiracy exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means.

133. The alleged co-conspirators must have entered into agreement to accomplish the object of the conspiracy, but the conspiracy may be established through circumstantial evidence.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

134. Defendants WithU, Scratchpay, and John Does I-20 combined to accomplish an unlawful purpose of transacting in usurious contracts in Washington.

135. Defendants WithU, Scratchpay, and John Does 1-20 also combined to accomplish a purpose of transacting in usurious contracts in Washington by unlawful means.

136. Defendants WithU, Scratchpay, and John Does 1-20 entered into agreement to accomplish an unlawful purpose of transacting in usurious contracts.

137. Defendants WithU, Scratchpay, and John Does 1-20 entered into agreement to transact in usurious contracts in Washington by unlawful means.

138. As a direct and proximate cause of Defendants' practices, Plaintiff and members of the proposed class he seeks to represent suffered injury and damages in an amount to be proven at the time of trial.

## COUNT VI: DEFENDANTS VIOLATED RICO

139. Plaintiff re-alleges each and every allegation as set forth above.

140. Loans WithU made to Washington consumers are unenforceable under Washington law in whole or in part as to principal or interest because of the laws relating to usury and were incurred in connection with the business of lending money at a rate that is usurious under Washington law where the usurious rate is at least ten times and up to 50 times the enforceable rate.

141. The loans at issue are "unlawful debts" under 18 U.S.C. §1961(6).

142. WithU is an enterprise affecting interstate commerce, in that it is located outside of Washington and makes loans to Washington residents using the Internet.

143. Defendant Scratchpay and Does 1-20 are associated with this enterprise.

144. Defendant Scratchpay and Does 1-20 conducted or participated in the conduct of the affairs of WithU through a pattern of collection of unlawful debt, as set forth above, in violation of 18 U.S.C. §1962(c).



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

145. Plaintiff and members of the proposed class he seeks to represent were injured and deprived of money as a result and seek damages, treble damages, costs, and fees pursuant to 18 U.S.C. §1964(c).

**COUNT VII: DEFENDANTS ARE UNJUSTLY ENRICHED**

146. Plaintiff re-alleges each and every allegation as set forth above.

147. Plaintiff and members of the proposed class he seeks to represent conferred benefits on Defendants through entering into and making payments on usurious loans.

148. Defendants have knowingly accepted the benefits provided by Plaintiff and members of the proposed class.

149. The circumstances are such that it would be unjust and inequitable for Defendants to retain the benefits conferred upon it by Plaintiff and members of the proposed class.

150. As a direct and proximate cause of Defendants' practices, Plaintiff and members of the proposed class he seeks to represent suffered damages in an amount to be proven at the time of trial.

**COUNT VIII: DECLARATORY AND INJUNCTIVE RELIEF UNDER 28 U.S.C. §2201(a)**

151. Plaintiff re-alleges each and every allegation as set forth above.

152. A substantial controversy exists between Plaintiff and members of the proposed class and Defendants over whether Defendants can enter into, enforce, and collect on usurious agreements with Washington consumers.

153. Plaintiff and members of the proposed class and Defendants have adverse legal interests.

154. The controversy between Plaintiff and members of the proposed class and Defendants is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

155. Pursuant to 28 U.S.C. §2201(a) Plaintiff and members of the proposed class he seeks to represent seek declaratory and injunctive relief.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ian Oftedahl respectfully requests that the Court enter judgment as follows:

a. Certification of the class as proposed, under Fed. R. Civ. P. 23, appointing Plaintiff and his counsel to represent the class;

b. Declaratory and injunctive relief that enjoins Defendants from transacting in and collecting on usurious loans in Washington;

c. Judgment against Defendants for actual damages;

d. Treble damages pursuant to RCW 19.86.090;

e. Penalties, including but not limited to, relief pursuant to RCW 19.52.030;

f. Out-of-pocket and investigative expenses;

g. An award of costs and reasonable attorneys' fees based on all applicable statutes and other grounds, including RCW 19.86.090, RCW 19.52.030, and 18 U.S.C. §1964(c);

h. Pre-judgment interest on all amounts awarded as allowed by law;

i. Post-judgment interest;

j. A supplemental award to cover any adverse tax consequences of the judgment; and

k. Awarding Plaintiff such further equitable, legal, or additional relief as may be appropriate and just.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

DATED: March 3, 2026

Respectfully submitted,

BRESKIN JOHNSON TRIAL LAWYERS, PLLC

By: *s/ Brendan W. Donckers*

Brendan W. Donckers, WSBA #39406
506 2nd Avenue, Suite 2400
Seattle, WA 98104
Tel: (206) 652-8660
bdonckers@bjtlawyers.com

LEONARD LAW, PLLC

By: *s/ Sam Leonard*

Sam Leonard, WSBA #46498
1700 7th Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 486-1176
sam@seattledebtdefense.com

*Attorneys for Plaintiff*

# EXHIBIT A

**WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS**

1-877-746-4334 | Español
File Complaint | Verify License | Contact Us

Search

# Otoe-Missouria Tribe of Indians d/b/a Great Plains Lending, LLC; American Web Loan (AWL); Clear Creek Lending; W6LS Inc. d/b/a WithU Loans

**Date Posted:** Monday, May 23, 2022

Alert Number: CA055378_5/31/22(5/23)

The Washington State Department of Financial Institutions (DFI) has received complaints from Washington State consumers against Great Plains Lending, LLC, American Web Loan (AWL), Clear Creek Lending, and WithU Loans. Consumers stated that they received loans from these entities and were charged excessive fees and interest.

It appears that these entities are operating as unlicensed Tribal lenders. The entities claim to be wholly owned by the Otoe-Missouria Tribe of Indians, a federally-recognized Indian Tribe.

Great Plains Lending, LLC operates a website at [www.greatplainslending.com] and lists its contact information as:

Great Plains Lending, LLC
1050 East 2nd Street, Box 500
Edmond, OK 73034
877*836*1506
[support@greatplainslending.com]

American Web Loan (AWL) operates a website at [www.americanwebloan.com] and lists its contact information as:

American Web Loan (AWL)
2128 N. 14th St., Suite 1 #130
Ponca City, OK 74601
877*636*1353
[customerservice@americanwebloan.com]

Case 1:23-cv-01591-D-TMG Document 1-1 Filed 12/01/23 Page 23 of 28

Clear Creek Lending operates a website at [www.clearcreeklending.com] and lists its contact information as:

Clear Creek Lending

3910 W 6th Ave., Box 242

Stillwater, OK 74074

888*913*7134

[customerservice@clearcreeklending.com]

WithU Loans operates a website at [www.withuloans.com] and lists its contact information as:

10600 S. Pennsylvania Ave., Ste 16 #828

Oklahoma City, OK 73170-4257

866*404*0674

[customercare@withuloans.com]

According to [https://www.omtribe.org/cfsrc/] if you have a complaint against these entities, you may file a complaint with the Otoe-Missouria Consumer Finance Services Regulatory Commission at [Omfsov@omtribe.org] or mail your complaint to 8151 Hwy 177, Red Rock, OK 74651. Great Plains Lending, LLC, American Web Loan (AWL), Clear Creek Lending, and WithU Loans are not licensed by the Department and are not registered to conduct business in Washington State by the Department of Licensing, the Department of Revenue, or the Secretary of State.

DFI warns Washington consumers that before doing business with a financial service provider the consumer should:

- Make sure that the entity is licensed. Consumers can use the "Verify a License" feature on DFI's website to check whether a payday or consumer loan company is licensed to conduct business in the state of Washington.
- Not provide any personal information, such as social security number or bank account number or access if the company is not licensed or authorized to conduct business.

## Important Information for Washington State Residents

Washington State residents are informed that Washington State law provides in RCW 31.45.105(1)(d) and (3) that a "small loan" made by an unlicensed entity to a person physically

located in Washington State is uncollectible and unenforceable in Washington State. A “small loan” is defined in RCW 31.45.073 and is a loan that does not exceed $700.

Washington State residents with loans exceeding $700 are informed that Washington State law provides in RCW 31.04.035 that fees or interest charged in the making of a nonresidential loan by an unlicensed lender must be refunded to the borrower.

### Report Unlicensed Lending Activity or Fraud

Washington State residents only: If you suspect unlicensed activity by a payday lender or consumer loan company, please contact the Department at 1-877-RING-DFI (746-4334), or online at www.dfi.wa.gov. Even if your activity involves a loan over the internet, a license may still be required.

If you live in another state, find the regulator in your home state.

---

**Was this information helpful? ***

- Yes
- No

# CAPTCHA

This question is for testing whether or not you are a human visitor and to prevent automated spam submissions.

Send Feedback

# EXHIBIT B

Consumer Alert

# The Otoe-Missouria Tribe - Not Licensed in Washington State

**Scammed?** Find support on our Resources for People Affected by Scams page.

**Published:** January 14, 2026

Alert number: CA060854_1.14.26

The State of Washington Department of Financial Institutions (DFI) has received complaints from Washington consumers that Otoe-Missouria Tribe of Indians, may be operating as an online tribal lender, under the following business names:

- W6LS, Inc dba WithU Loans
- AWL II, Inc. dba American Web Loan
- Patria Lending LLC dba Patria and Patria Lending

These businesses claim to be an economic arm or wholly-owned of the Otoe-Missouria Tribe of Indians, a federally recognized Indian Tribe located in Oklahoma.

Otoe-Missouria Tribe of Indians and their entities are not licensed by DFI and are not registered to conduct business in Washington State by the Department of Licensing, Department of Revenue, or the Secretary of State.

Otoe-Missouria Tribe of Indians and their entities have been associated with the following contact information:

W6LS, Inc dba WithU Loans
Tel: 866*404*0674
[customercare@withuloans.com]
10600 S. Pennsylvania Ave
Ste 16 #828
Oklahoma City, OK 73170-4257
https://www.withuloans.com/

AWL II, Inc. dba American Web Loan
Tel: 877*860*7171
[customercare@americanwebloan.com]
3910 W. 6th Avenue
Box 277
Stillwater, OK 74074
https://www.americanwebloan.com/

Patria Lending LLC dba Patria and Patria Lending
Tel: 800*640*2093
[customercare@patrialending.com]
Patria Lending
Post Office Box 668
Weatherford, OK 73096
https://patrialending.com/

If you have a complaint against any of these entities, you may contact:

Otoe-Missouria Tribe of Indians
Tel: 580*723*4466
Toll-Free: 877*692*6863
8151 Hwy 177
Red Rock, OK 74651
https://www.omtribe.org/

**Please Note:**

WithU Loans should not be confused with the following:

- WithU: https://www.withuapp.com/
- WithU Holdings: https://www.withuholdings.com/

AWL II, Inc. should not be confused with the following:

- AWL, Inc.: https://awl.com/
- AWL Strategies, LLC: https://www.awlstrategies.com/

American Web Loans should not be confused with the following:

- American Web Express: https://americanwebexpress.com/
- American Web Store: https://americanwebstore.com/

Patria Lending

- Patria Private Equity Trust PLC: https://www.patriaprivateequitytrust.com/
- Patria Investments: https://www.patria.com/

## Important Information for Washington Consumers About Unlicensed Lenders

- Washington residents only: If you suspect unlicensed activity by a payday lender or consumer loan company, please contact the Department at 1-877-RING-DFI (746-4334), or online at www.dfi.wa.gov. Even if the activity involves a loan you obtained over the internet, a license is generally still required. If a collection agency is attempting to collect a debt from you, check that the company is licensed by the state of Washington Department of Licensing.
- Make sure that the entity is licensed. Consumers can use the "Verify a License" feature on DFI's website at www.dfi.wa.gov to check whether a payday or consumer loan company is licensed to conduct business in the State of Washington.
- Do not provide any personal information, such as social security number or bank account number or access if the company is not licensed or authorized to conduct business.

## Important Information for All Consumers

- If you received a loan from a lender and someone else is now attempting to collect the loan, collection activity may be subject to the federal Fair Debt Collection Practices Act (FDCPA). If you are contacted by a third party claiming you owe a debt, you can request a "written validation notice," which must provide the amount of the debt, the name of the creditor you owe, and your rights under the FDCPA. If you have questions regarding federal debt collection laws you can contact the Federal Trade Commission (FTC) at 1-877-382-4357 or online at www.ftc.gov.
- If you feel you have been the victim of a scam you can contact the FTC at 1-877-382-4357 or online at www.ftc.gov; or the Consumer Financial Protection Bureau (CFPB) at 1-855-411-2372 or online at www.consumerfinance.gov.
- If the scammers already have your bank account information, social security number, or other personal information, you may be a victim of identity theft. You can contact your bank and the three major credit bureaus take appropriate precautions. The FTC has information for victims of identity theft online at www.ftc.gov.
- If you feel you have been the victim of a scam involving the internet you can contact the Internet Crime Complaint Center online at www.ic3.gov.
- If you feel you have been the victim of a financial scam, and are concerned about your personal financial information, you can contact your banking institution and the three major credit bureaus. Procedures for contacting the credit bureaus are available on the FTC's website at www.ftc.gov.
- If you live in another state, go to this webpage to find the regulator in your home state.